IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. COOK,<br><br>    Plaintiff,<br><br>  vs.<br><br>JULIAN ST. INN,<br><br>    Defendant. | No. C 07-02642 JW (PR)<br><br>ORDER OF DISMISSAL<br><br><br><br>(Docket No. 5) |

Plaintiff, a prisoner at the California Substance Abuse Treatment Facility in Corcoran, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983, alleging that the defendant Julian St. Inn was negligent in failing to notify plaintiff that he was no longer authorized to utilize their establishment to receive mail on his behalf before refusing or returning his mail to sender. Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Docket No. 5).

**DECISION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which

Order of Dismissal
N:\Pro - Se\7.9.2007\07-2642 Cook02642_dismissal.wpd

prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's claim of negligence against a private entity, Julian St. Inn, is not a cognizable claim upon which relief may be granted. First of all, § 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989). Furthermore, plaintiff has not demonstrated that defendant was acting under the color of state law. See West, 487 U.S. at 48. Accordingly, this complaint is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (Docket No. 5) is DENIED. The complaint is DISMISSED. No fee is due.

DATED:   July 9 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\7.9.2007\07-2642 Cook02642_dismissal.wpd